

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4059 | **DATE** | 8/23/2004 |
| **CASE TITLE** | Marisol Fregoso vs. Plunkett Furniture Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order and Opinion. This memorandum order is issued sua sponte because some problems in Plunkett's responsive pleading require correction.

(11) ■ [For further detail see order attached to the original minute order.]

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

MARISOL FREGOSO              )
                             )
            Plaintiff,       )
                             )
    v.                       )   No. 04 C 4059
                             )
PLUNKETT FURNITURE COMPANY,  )
                             )
            Defendant.       )
```

DOCKETED
AUG 2 4 2004

MEMORANDUM ORDER AND OPINION

After this Court's August 5, 2004 grant of the motion filed by Plunkett Furniture Company ("Plunkett") to dismiss Kelly Lynn Thomas as a co-plaintiff in this action, Plunkett's counsel has filed its Answer to the provisions of the Amended Complaint ("AC") relating to the remaining plaintiff Marisol Fregoso ("Fregoso"). This memorandum order is issued sua sponte because some problems in that responsive pleading require correction.

Mention should first be made of one unacceptable (and regrettably common) usage that pervades Plunkett's Answer. Although Plunkett's counsel has properly followed the road map that is marked out by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) to obtain the benefit of a deemed disclaimer, counsel follows most of those statements of Plunkett's lack of information or knowledge sufficient to form a belief as to the truth of Fregoso's allegations (Answer ¶¶ 1, 3, 4, 5, 7, 10, 11 and 23) with a <u>denial</u> of the selfsame allegations. That of course is a classic oxymoron. Accordingly, each of those

purported denials is stricken.

More substantively, every one of Plunkett's set of affirmative defenses ("ADs"), advanced under Rule 8(c), is problematic or worse. Here are the flaws:

1. AD 1, which is the essential equivalent of a Rule 12(b)(6) motion, seems quite wrong. Because Fregoso's allegations must be accepted as gospel for such purposes, it would appear that she is entitled to stay in court. If however Plunkett sees some specific problem in that respect, it must file an appropriate motion.

2. AD 2 is most troublesome, because it asserts lack of jurisdiction, an issue that must be addressed at the outset. Any such conclusory assertion cannot be left as it is -- if Plunkett's counsel really sees some jurisdictional defect, it must be identified and advanced immediately.

3. It is meaningless, for Rule 8(c) purposes, to state in AD 3 that Fregoso "*may* have failed to exhaust administrative prerequisites." If Plunkett truly knows of some problem in that respect, it too must be fronted promptly.

4. ADs 4, 5 and 7, which repeat the labels of defenses available under Rule 8(c) without any explanation at all, do not pass muster even under the generous notice pleading regime in force in the federal system. All of

2

those ADs are stricken, albeit without prejudice to their possible reassertion in some meaningful fashion.

5. AD 6 is nonsensical, for it says that the AC "improperly joins parties" in a case in which only one plaintiff and one defendant remain. It is stricken with prejudice.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:    August 23, 2004

C:\WPTEXT\Fregoso82304MOO.wpd