IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARISOL FREGOSO, )
)
        Plaintiff, )
)
v. )
) No. 04 C 4059
PLUNKETT FURNITURE COMPANY, )
)
        Defendant. )

## MEMORANDUM ORDER AND OPINION

After counsel for Marisol Fregoso ("Fregoso") had ignored both (1) the production requests of defendant Plunkett Furniture Company ("Plunkett") and (2) the July 21, 2005 presentment of Plunkett's motion to compel compliance with those requests, this Court granted the compliance motion and, in accordance with Fed. R. Civ. P. 37(a)(4)(A), ordered Fregoso "to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees." Plunkett's filing in implementation of that order seeks $2,135.50 in attorney's fees and $61 in expense reimbursement. In response to that request Fregoso's attorney has simply submitted an affidavit that states in relevant part:

    4.   That attorneys can look at a print-out of a motion for sanction on any other case pending in their office make a couple of minor changes, like attorney rates, hours, matter; and the computer spits out the motion with the changes in a matter of 20 seconds to a minute;.

    5.   That the maximum time for a motion for sanctions to be completed, and mailed out in today's

computer world is about one hour.

    6. Any other representation to the contrary is a falsification and misrepresentation as to the time it would take to do a simple motion;

That hyperbolic statement is no more responsible than the same's counsel having earlier ignored his obligations (1) to respond to Plunkett's discovery requests and (2) to appear at the time set for its in-court motion to enforce compliance. But at the same time, this Court's independent review of Plunkett's submission discloses that the request does involve some overkill, at least in the fee-shifting context.[1]

From that perspective this Court views the enforcement effort as most appropriately a one-lawyer activity, not requiring the involvement of two counsel (including three conferences between the two lawyers, each of whom has a billing rate in excess of $200 per hour). That adjustment eliminates from consideration 1.1 hours spent by Joseph Gumina (a charge of $242) and 0.9 hours spent by Frederick Payne for the same conference time (a charge of $184.50).

Accordingly this Court approves the request to the extent of $1,709 in attorney's fees and $61 in out-of-pocket expenses, or a

---

[1] Nothing is suggested here to question the propriety of the billing and payment of those fees as between Plunkett and its own lawyers. That of course is a matter left entirely to the lawyer-client relationship, as contrasted with the need for this Court to address going outside of that relationship to require third-party payment.

2

total of $1,770. Fregoso is ordered to pay that amount on or before September 26, 2005.

　　　　　　　　　　　　／s/ Milton I. Shadur
　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　Senior United States District Judge

Date: September 14, 2005